# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-70016

United States Court of Appeals
Fifth Circuit
**FILED**
November 7, 2016
Lyle W. Cayce
Clerk

IVAN ABNER CANTU,

    Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

    Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:06-CV-166

Before CLEMENT, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Ivan Cantu requests a certificate of appealability ("COA") to appeal the district court's dismissal of his petition for habeas corpus relief. Cantu brought a procedurally defaulted claim that his trial counsel was ineffective for failing to investigate and present evidence of his actual innocence. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that Cantu did not establish cause to excuse the procedural default. We deny a COA.

## I.

Cantu is on death row in Texas. He was convicted and sentenced to death in Texas state court for capital murder.[1] The Texas Court of Criminal Appeals affirmed his conviction and sentence and subsequently denied post-conviction relief.

Cantu sought habeas corpus relief in federal district court, raising for the first time a claim that trial counsel was ineffective for failing to investigate and present evidence of his actual innocence. The district court dismissed Cantu's petition, holding that this claim was procedurally defaulted. *Cantu v. Quarterman*, No. 2:06cv166, 2009 WL 728577, at *3-13 (E.D. Tex. Mar. 17, 2009) (denying six claims and dismissing seven others as procedurally defaulted). This court affirmed. *Cantu v. Thaler*, 632 F.3d 157, 166-67 (5th Cir. 2011). The Supreme Court vacated and remanded for consideration of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which was issued after this court's decision. *See Cantu v. Thaler*, 132 S. Ct. 1791 (2012). *Martinez* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. In *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), the Supreme Court extended *Martinez* to Texas cases. This court remanded to the district court to decide in the first instance the effect of *Martinez* on Cantu's contention that he had cause for the procedural default. *See Cantu v. Thaler*, 682 F.3d 1053, 1054 (5th Cir. 2012).

---

[1] For a summary of the factual background, see our detailed opinion in *Cantu v. Thaler*, 632 F.3d 157 (5th Cir. 2011), *vacated*, 132 S. Ct. 1791 (2012).

No. 16-70016

On remand, the district court applied *Martinez* and held that Cantu failed to show cause to excuse the procedural default because he did not set forth a substantial claim of ineffective assistance of trial counsel or demonstrate that state habeas counsel was ineffective. *See Cantu v. TDCJ-CID*, No. 2:06-CV-166, 2016 WL 3277246, at *6-9 (E.D. Tex. June 15, 2016). The district court also denied a COA. *Id.* at *10. Cantu seeks a COA from this court.

II.

"[W]hen a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition . . ., the right to appeal is governed by the certificate of appealability (COA) requirements . . . ." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). An "appeal may not be taken" from a final order in a habeas corpus proceeding without a COA. 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a claim is dismissed as procedurally defaulted, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. At the COA stage, "we only conduct a threshold inquiry into the merits of the claims" raised in the habeas petition. *Reed v. Stephens*, 739 F.3d 753, 764 (5th Cir. 2014).

III.

Cantu requests a COA on the following issues: "(1) [w]hether the district court erred in dismissing Cantu's claims as procedurally defaulted; and (2) [w]hether the district court erred by dismissing Cantu's claims without conducting an evidentiary hearing."

No. 16-70016

A.

Federal merits review of a procedurally defaulted claim is permitted when the petitioner is able to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). Applying *Martinez* in the COA context, we have held that "to succeed in establishing cause, the petitioner must show (1) that his claim of ineffective assistance of counsel at trial is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013) (citing *Martinez*, 132 S. Ct. at 1318). To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Here, the district court properly held that Cantu failed to make either required showing under *Martinez*. First, as to trial counsel, the district court reviewed the record and determined that Cantu failed to show that his claim is substantial. As the district court found, given the overwhelming evidence of Cantu's guilt, trial counsel "set out a detailed, reasonable, and informed trial strategy of focusing on the future dangerousness special issue." 2016 WL 3277246, at *7. Under *Strickland*'s deficient performance prong, Cantu cannot overcome the strong presumption that counsel's strategy fell within the "wide range of reasonable professional assistance." 466 U.S. at 689.

Second, as to state habeas counsel, the district court noted that counsel had access to the state court record—which "revealed that the evidence of guilt was overwhelming"—and determined that counsel, after exercising professional judgment, was not required to raise every frivolous or futile

argument requested by Cantu. 2016 WL 3277246, at *8-9. On appeal, Cantu extensively points to Texas "statutory and professional requirements" regarding investigation into state habeas claims. But on federal habeas review, the issue is whether state habeas counsel was constitutionally ineffective under an objective reasonableness standard. *See Bobby v. Van Hook*, 130 S. Ct. 13, 16-17 (2009). As the district court determined, Cantu fails to meet that standard.

Based on our threshold inquiry, we conclude that reasonable jurists would not find it debatable that the district court was correct in holding that Cantu failed to establish cause to excuse the procedural default. As such, we must deny a COA. *See Slack*, 529 U.S. at 484.

B.

With respect to the denial of an evidentiary hearing, we have declined to hold that *Martinez* requires an opportunity for additional fact finding in support of cause and prejudice. *Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016). Cantu's claims are based on the existing record, and the district court analyzed that record in reaching its decision. It is not debatable that the district court was within its discretion in declining to hold a hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

IV.

The COA is denied.